09-1299-cv
DeMarco v. CooperVision, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of March, two thousand and ten.

Present:     DEBRA ANN LIVINGSTON,
             GERARD E. LYNCH
                      *Circuit Judges*.[*]

_____

JENNIFER DEMARCO,
            *Plaintiff-Appellant,*


            -v.-                        No. 09-1299-cv


COOPERVISION, INC.
            *Defendant-Appellee.*

_____

                        Christina A. Agola, Rochester, NY (Steven H. Grocott, *on the brief*), *for* Plaintiff-Appellant.

                        Daniel J. Moore, Harris Beach PLLC, Pittsford, NY, *for* Defendant-Appellee.


     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

---

[*]The Honorable Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal.  The remaining two members of the panel, who are in agreement, have determined this matter.  *See* Second Circuit Internal Operating Procedure E(b); 28 U.S.C. § 46(d); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Plaintiff-Appellant Jennifer DeMarco appeals the March 11, 2009 decision and order of the United States District Court for the Western District of New York (Siragusa, *J.*) granting Defendant-Appellee CooperVision's motion for summary judgment and dismissing DeMarco's claims in their entirety. DeMarco alleged that CooperVision had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, and New York's Human Rights Law ("HRL"), N.Y. Exec. Law § 296 *et seq.* DeMarco does not appeal the district court's decision with respect to her ADA and HRL disability claims. Thus, the only claims on appeal are her Title VII and HRL claims alleging discrimination on the basis of pregnancy.[1] We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Title VII was amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), to enact Congress's determination that "discrimination based on a woman's pregnancy is, on its face, discrimination because of her sex." *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 684 (1983). Pregnancy discrimination claims are analyzed using the three-step burden-shifting analysis set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 802-04 (1973). *See Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400-01 (2d Cir. 1998). DeMarco's HRL claim is analyzed under the same standard. *See Gallagher v. Delaney*, 139 F.3d 338, 345 (2d Cir. 1998), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

The district court determined that DeMarco had succeeded in making out a *prima facie* case of pregnancy discrimination based on the timing of her termination. The court concluded, however, that CooperVision had advanced a legitimate, non-discriminatory reason for her termination and that DeMarco had failed to show that the proffered reason was pretextual. We agree. None of the evidence submitted by DeMarco rebuts CooperVision's legitimate, non-discriminatory reasons for her termination — that CooperVision was undergoing corporate restructuring and cost-cutting, that DeMarco's job responsibilities were either absorbed by other employees or disappeared altogether, and that CooperVision had no obligation to rehire her because she had exhausted her leave under the Family Medical Leave Act.

DeMarco asserts in her affidavit that she was replaced by a non-pregnant woman, an averment that, on its face, might have assisted her in carrying her burden. *See Kerzer*, 156 F.3d at 401, 403. She states that in a phone call with Melanie Parnell, Parnell told her that Coopervision had "guarantee[d]" to Parnell the plaintiff's position. At her deposition, however, DeMarco testified only that Parnell had stated, in substance, that Parnell would have a permanent position in her new department "even when [DeMarco] came back" to work — a statement implying, if anything, that DeMarco would be returning, not that Parnell would be replacing her. DeMarco may not create a material issue of fact by submitting an affidavit contradicting her own prior sworn testimony. *See Margo v. Weiss*, 213 F.3d 55, 60-61 (2d Cir. 2000). The record clearly shows that Parnell assumed some of DeMarco's job responsibilities during DeMarco's absence, but she did not assume all of

---

[1] Likewise, DeMarco does not appeal the district court's decision with respect to her March 2005 transfer. Therefore, the only remaining claim for pregnancy discrimination is based on her October 2005 termination.

them, nor was she given the same job title as DeMarco at the time she was transferred to DeMarco's department. Moreover, CooperVision did not hire new employees in DeMarco's division in the period after DeMarco was terminated. Employees were transferred from other divisions within CooperVision as part of the restructuring, but did not have DeMarco's duties. Nor were they replaced in these other divisions. The record further evidences that DeMarco was not the only employee terminated, nor was her position the only one eliminated, during the same time period.

Finally, DeMarco's unspecific and hence untestable allegation that another unnamed employee who was out on maternity leave was also terminated upon returning to work is insufficient to overcome summary judgment. *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 85 (2d Cir. 2005) (noting that "'conclusory statements, conjecture, or speculation' are inadequate to defeat a motion for summary judgment" (quoting *Opals on Ice Lingerie v. Body Lines, Inc.*, 320 F.3d 362, 370 n.3 (2d Cir. 2003)) (internal quotation marks omitted)). In fact, CooperVision has presented evidence that two other non-pregnant employees who exceeded their FMLA leave were also terminated upon their return, suggesting that DeMarco was treated identically to other non-pregnant employees. herself testified, moreover, that other employees were "constantly" going out on maternity leave and coming back to work. In short, none of the arguments offered by DeMarco shows that the actual reason for her termination was her pregnancy.

We have considered DeMarco's remaining arguments and we find them to be without merit. Accordingly, the judgment of the district court hereby is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3